UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAUREN GREENE, *Citizens Against Forensic Psychiatry*,<br>Plaintiff,<br>v.<br>MIDDLESEX D.A., et al.,<br>Defendants. | Civil Action No. 26-14787-MJJ |

**ORDER**

**JOUN, D.J.**

Lauren Greene ("Ms. Greene"), who is confined at the Worcester Recovery Center, has filed a civil complaint in which she seeks an "injunction against state mandate to participate in competency test for trial" and "$50,000 personal injury compensation for detention to suppress activism efforts against Harvard Psychiatry/McLean Hospital." [Doc. No. 1 at 2].

Ms. Greene also filed a "Motion for Injunction Against GL c. 123 § 15(b) Order for Hospitalization & Examination," and refers therein to "[c]ase docket 2452CR002113." [Doc. No. 3 at 1]. According to the online docket of the state criminal proceeding, on December 30, 2024, Ms. Greene was arraigned in the Cambridge District Court on charges of assault with a dangerous weapon, trespass, and disorderly conduct. *See Commonwealth v. Greene,* 2452CR002113 (Cambridge Dist. Ct., Mass.), available through https://www.masscourts.org.[1]

[1] *See Wiener v. MIB Group, Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015))).

The docket also indicates that, on September 23, 2026, the state court found that Ms. Greene is not competent to stand trial. *Id.*

Because Ms. Greene is a pretrial detainee who is challenging the legality of her confinement, the Court must treat Ms. Greene's pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). Although § 2241 does not include a specific exhaustion provision, a petitioner seeking relief under § 2241 generally must first exhaust his state court remedies. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489–91 (1973) (stating, in the context of a § 2241 petition, that "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement" (internal quotation marks omitted); *Benson v. Super. Ct. Dept. of Trial Ct.*, 663 F.2d 355, 358–59 (1st Cir. 1981) (stating that § 2241 "empowers courts to issue writs and makes no mention of exhaustion, has been interpreted to allow a court to grant a writ before a defendant has exhausted his claim at trial, but only in unusual circumstances"). Here, Ms. Greene does not represent that she has exhausted her remedies in the state court, and she does not allege any "unusual circumstances" that would justify federal review of the legality of her confinement at this time. Thus, her claim for habeas relief is DENIED.

Further, to the extent that Ms. Greene seeks relief with regard to any other aspect of the pending state court proceeding, the Court must abstain from exercising its jurisdiction over any such claims. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (discussing *Younger* abstention).

Accordingly, this action is DISMISSED. The motion for leave to proceed *in forma pauperis* shall be terminated as moot. The Court DECLINES to issue a certificate of

appealability because Ms. Greene has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

**SO ORDERED.**

/s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: October 23, 2026